Rosa E. Burkhart, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 2749.   Promulgated March 28, 1928.

*H. R. Boden, Esq.*, for the petitioner.

*J. E. Marshall, Esq.*, and *Wallace Streater, Esq.*, for the respondent.

OPINION.

SMITH: At the hearing of this proceeding counsel for respondent moved for judgment in accordance with the proof adduced, and asked for a decision to the effect that the petitioner be adjudged to be indebted for taxes on her salary income. He also renewed his motion filed on April 17, 1925, to dismiss the appeal for want of jurisdiction. Briefly, the grounds for the latter motion were that the assessment of the tax in question had been made prior to the enactment of the Revenue Act of 1924, and that only adjustments had been made relative to same since the enactment of that Act, and that the Board had no jurisdiction to review such action on the part of the respondent. A motion the same as the last was denied by the Board on May 12, 1925.

Both of these motions must be denied.

The determination of the deficiency made by the respondent with reference to the petitioner, of which notice was mailed to her on February 19, 1925, was the first and only determination and notice made by the respondent and sent to the petitioner; that determination was made subsequent to the enactment of the Revenue Act of 1924, and that situation gives to the Board jurisdiction of the proceeding.

If the petitioner had any income during any of the taxable years, it represented amounts paid to her by her husband or credited to her upon his books of account. The evidence is not clear that he made any payments to her except those made in 1921, when he turned over his property to her. At the hearing she claimed to be entitled to

one-half of the personal exemption allowed a married couple. We are convinced that any income received was not in excess of the personal exemption to which she was entitled under the taxing acts, and that in any event the income in any year was not in excess of $900. We are of the opinion that the $25 allowed to the wife as compensation for acting as housewife was not taxable income to her. This amount represented merely a personal expense of W. B. Burkhart and not income of the petitioner. Upon the record we must hold that there was no income tax liability assessable against the petitioner for any of the years 1917 to 1921.

*Judgment will be entered for the petitioner.*